**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO. 13-194**

**STOKLEY AUSTIN**                               **SECTION "B"(3)**

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant Stokley Austin's "Verified Motion for Default Judgment." Rec. Doc. 190. For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED.**

In an eight-count indictment filed on September 5, 2013, Defendant was charged in four counts. Rec. Doc. 31. Count 1 charged him with conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. § 846; Count 4 charged him with possession with the intent to distribute 500 grams or more of cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C); Count 6 charged him with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(C)(1)(a)(i); and Count 8 charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.*

On September 22, 2014, Defendant pled guilty to all four counts. On February 25, 2015, after a pre-sentence investigation

was completed, Defendant was sentenced to twenty-five years in prison, to be followed by ten years of supervised release. Rec. Doc. 161 at 3-4. The following day, Defendant appealed to the Fifth Circuit (Rec. Doc. 164), which affirmed this Court's judgment on March 7, 2016 (Rec. Doc. 189).

Defendant filed the instant motion on December 13, 2016. Rec. Doc. 190. In the motion, Defendant makes several claims, including an allegation that this Court lacked subject matter jurisdiction, that this Court's failure to inform Defendant of the nature of this Court's jurisdiction was a denial of due process under the "6th and 14th Amendments," and that such denial of due process deprives this Court of jurisdiction. *Id.* at 2. Defendant also claims that a "Verified Petition and Brief to Vacate Judgment" was filed with this Court and served on the United States on or about August 4, 2016 "by a third party." *Id.* Because more than twenty days have passed since the United States was supposedly served and "no evidence has been placed on the record of the court to prove the court had any subject matter jurisdiction whatsoever," Defendant requests "the immediate vacation/extinguishment of the void judgment . . . immediate release from unlawful imprisonment . . . expungement of this judgment from [his] record . . . [and] a check payable to [him] for ALL THE PROCEEDS FROM THIS CAUSE." *Id.* (emphasis in original).

Defendant's motion is both procedurally improper and without merit. First, there is no evidence that a "Verified Petition and Brief to Vacate Judgment" was ever filed or served. Attached to his motion, Defendant provided a copy of an envelope. *Id.* at 4. The envelope was addressed to "U.S. DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA, 500 Poydras Street, New Orleans, LA 70130," listed as from "Eileen Raye, Omega-17/Paralegal Services, c/o P.O. Box 5043, Hemet, California 92544," and dated December 10, 2016. *Id.* However, there is no evidence that the envelope contained a "Verified Petition." Nor is there any evidence that a complaint by Defendant was ever filed in this case or in any section of this Court.

Second, even if Defendant filed a complaint with this Court against the United States, a default judgment would be procedurally improper. A plaintiff seeking a default judgment must proceed through two steps. First, the plaintiff must show proper service of the complaint and move for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before entering a default, the plaintiff must show "by affidavit or otherwise" that the defendant "failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a). Here, Defendant failed to move for an entry of default before filing the instant motion for a default judgment, let alone show actual proof

of service. He also failed to provide an affidavit or any other proof that the United States failed to plead or otherwise defend the missing "Verified Petition." Second, after a default has been entered, the plaintiff may move for a default judgment. FED. R. CIV. P. 55(b). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, "[a] party is not entitled to a default judgment as a matter of right" (*Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)), the Court does not have to accept either facts that are not well-pleaded or conclusions of law (*Nishimatsu*, 515 F.2d at 1206), and "the entry of [a] default judgment is committed to the discretion of the district judge" (*Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Here, there is no underlying complaint for the Court to consider. So, there are no pleaded facts, let alone well-pleaded ones. Plus, the conclusions of law asserted by Defendant in his motion, namely that this Court lacked subject matter jurisdiction and violated his due process rights, would not have to be accepted by this Court for purposes of a default judgment even if they were included in an underlying complaint.

Finally, Defendant's motion lacks merit. This Court properly exercised subject matter jurisdiction under 18 U.S.C. § 3231 ("[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all

offenses against the laws of the United States."). *See also United States v. Scruggs*, 714 F.3d 258, (5th Cir. 2013) ("To invoke that grant of subject matter jurisdiction, an indictment need only charge a defendant with an offense against the United States in language similar to that used by the relevant statute. That is the extent of the jurisdictional analysis: A federal criminal case is within the subject matter jurisdiction of the district court if the indictment charges . . . that the defendant committed a crime described in Title 18 or in one of the other statutes defining federal crimes.") (internal citations and quotation marks omitted).

Here, the indictment charged Defendant with several federal crimes under Titles 18 and 21 and used the language of the various applicable statutes. *See* Rec. Doc. 31; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C); 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i). Thus, this Court had subject matter jurisdiction over this case and Defendant's instant complaints are without merit. Further, appellate review done in the Court of Appeals for the Fifth Circuit would not have occurred without proper federal jurisdiction.

New Orleans, Louisiana, this 6th day of January, 2017.

SENIOR UNITED STATES DISTRICT JUDGE