UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                            CRIMINAL ACTION

VERSUS                                              NO. 13-194

STOKELY AUSTIN                                      SECTION: "B"


## O R D E R & REASONS

The defendant, Stokely Austin, who pleaded guilty on September 22, 2014, recently filed a pleading entitled "Affidavit and Brief to Vacate Void Judgment." Rec. Doc. 200. Under the impression that the defendant was attempting to seek relief pursuant to 28 U.S.C. § 2255, the Clerk of Court issued a "Notice of Deficient Filing" instructing the defendant to resubmit his filing on the approved § 2255 form. Rec. Doc. 201. In response, the defendant filed another pleading entitled "Affidavit and Petition for Regress, Release and Recoupment" in which he expressly stated, "[t]his is not intended as a 2255 Motion filing." Rec. Doc. 202.

In the foregoing pleadings, the defendant alleges that Special Agent Sasskayo Palmer "attempted to Denationalize" the defendant, a "Moorish American National," by labeling him as a "Black Male." He further alleges that, because he is a "Moorish American National," "the Court lacked Jurisdiction, therefore the Conviction, Sentence and Judgments are all unlawful and invalid …."[1] He counters the suggestion that he should be seeking relief pursuant to § 2255 by arguing

---

[1] The defendant apparently subscribes to a variety of the "sovereign citizen" belief system. See Gravatt v. U.S., 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (explaining the belief system); El Ameen Bey v. Stumpf, 825 F. Supp. 2d 537 (D.N.J. 2011) (explaining the myth of the "Moorish Movement" and other similar fictions such as "sovereign citizens" and their motives). It has been repeatedly held that "[s]overeign-citizen legal arguments … are indisputably meritless." Westfall v. Davis, Civ. Action No. 7:18-cv-00023, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), adopted, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

that because he "is not a 14th Amendment Citizen there is no need for him to file a 2255 Motion." As relief, he seeks release from custody and $16,000,000.00 in damages.

Despite the defendant's protestations to the contrary, his motions challenge the validity of his convictions and sentences, and he should therefore be seeking relief pursuant to 28 U.S.C. § 2255. See, e.g., United States v. Michelletti, 638 F. App'x 402, 403 (5th Cir. 2016) ("Section 2255 provides the primary means of collaterally attacking a federal conviction."); In re Bradford, 660 F.3d 226, 229-30 (5th Cir. 2011) ("Section 2255 provides the primary means of collaterally attacking a federal sentence based on errors that occurred at or prior to the sentencing." (internal quotation marks omitted)). In light of that fact, it would be proper for the Court, after giving the defendant the required warnings, to recharacterize his pleadings as seeking relief pursuant to § 2255. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)). However, because the defendant has already *expressly declined* the opportunity to have his pleading recharacterized as a § 2255 motion, and because the pleadings as captioned are meaningless, unauthorized motions, the Court finds that it is proper to instead simply deny the motions. See Michelletti, 638 F. App'x at 403; see also United States v. Ford, 682 F. App'x 295, 296-97 (5th Cir. 2017).

The Court further notes that the defendant's prayer for monetary damages is improper in a federal criminal motion. An individual seeking damages must file a *civil* action and either pay the required filing fee or request and be granted leave to proceed *in forma pauperis*. Moreover, it

2

would be futile for this Court to sever the defendant's civil claims so that they could be pursued in a separate civil action because those civil claims are plainly meritless. As already noted, they are based on a variation of the "sovereign citizen" legal theory, and that theory is legally frivolous. See, e.g., LaVergne v. USA, Docket No. 18-cv-238, 2018 WL 2760336, at *2 (W.D. La. Mar. 13, 2018), adopted, 2018 WL 2747058 (W.D. La. June 7, 2018); El v. Louisiana, Civ. Action No. 16-2125, 2017 WL 1969552, at *3 (E.D. La. May 12, 2017); Mason v. Anderson, Civil Action No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016). Further, even if that were not the case, success on the civil claims would necessarily imply the invalidity of the defendant's convictions, and so the claims are also barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994) (holding that Heck is equally applicable to federal prisoners filing Bivens actions).

Accordingly,

**IT IS ORDERED** that the defendant's motions, Rec. Docs. 200 and 202, are **DENIED**.

New Orleans, Louisiana, this 4th day of December, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3