UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-194 |
| STOKLEY AUSTIN | SECTION "B" |

### ORDER & REASONS

Before the Court are defendant Stokley Austin's motion for compassionate release (Rec. Doc. 222), defendant's motion to grant "reduction" (Rec. Doc. 230), and the government's oppositions (Rec. Doc. 226; Rec. Doc. 232). After consideration of the parties' memoranda, the entire record, and the applicable legal authority,

**IT IS ORDERED** that defendant's motions for compassionate release and sentence reduction (Rec. Doc. 222; Rec. Doc. 230) are **DENIED.**

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 22, 2014, defendant Stokley Austin pled guilty to counts 1, 4, 6, and 8 of the government's indictment, specifically, to conspiracy to distribute controlled substances, possession of a controlled substance with an intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. *See* Rec. Doc. 31; Rec. Doc. 101.

Then, on February 25, 2015, Mr. Austin was sentenced to imprisonment for 300 months, "consist[ing] of 240 Months as to Count 1, 120 Months as to Counts 4 and 8, to run concurrently, and a term of 60 Months as to Count 6, to be served consecutively to the terms imposed on Counts 1, 4 and 8." Rec. Doc. 161 at 3. Additionally, Mr. Austin was sentenced to a supervised release term of "10 Years as to Count 1, 8 Years as to Count 4, and 2 Years as to Counts 6 and 8, all to be served concurrently." *Id.* at 4.

1

Mr. Austin appealed his sentence, and on March 7, 2016 the Fifth Circuit denied his appeal and affirmed this Court's judgment. *See* Rec. Doc. 189. He also filed post-trial motions characterized by this Court as a motion to vacate under 28 U.S.C. § 2255, which was denied on December 4, 2018. *See* Rec. Docs. 200–203.

Before his current filings, Mr. Austin exhausted administrative remedies by submitting a compassionate release request to the warden of his facility more than thirty days prior to seeking relief from this Court. Rec. Doc. 222. On or about November 7, 2022, he emailed his request to the warden of his facility. *Id.* The instant motion for compassionate release under the First Step Act was filed on January 30, 2023. *Id.* Five months later, on June 8, 2023, Mr. Austin also filed a motion to grant "reduction." Rec. Doc. 230.[1]

In support of the motion for compassionate release, Mr. Austin argues if he were sentenced today under new law, he would have received a sentence reduced by five years. *Id.* at 2. He also argues that there is COVID-19 in the prison population. *Id.* Of final consideration, he argues that the § 3553(a) sentencing factors are in his favor.

The government's opposition makes two arguments against Mr. Austin's statements regarding "extraordinary and compelling reasons" for compassionate relief. Rec. Doc. 226. First, the First Step Act revisions are nonretroactive statutory changes that do not apply to him. *Id.* at 3–4. Second, Mr. Austin describes generalized COVID-19 threats, which are not sufficient to serve as "extraordinary and compelling reasons." *Id.* at 4–5.

---

[1] Mr. Austin's motion to grant "reduction" reiterated the same arguments from the motion for compassionate release. *Compare* Rec. Doc. 230, *with* Rec. Doc. 222. In his more recent filing, he argues that the First Step Act is retroactive and results in reducing his sentence by five years. Rec. Doc. 230 at 1. He also states that through serving almost ten years of his sentence "rehabilitation and corrective measures have been accomplished." *Id.* at 2. As such, the Court properly addresses Mr. Austin's more recent motion by treating his earlier request for compassionate release.

## II. LAW AND ANALYSIS

### A. Standard of Review

A defendant may move for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to his warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, a district court may reduce a defendant's term of imprisonment after considering the sentencing factors in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving he is entitled to a reduction. *See Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).

### B. Sentencing Changes

The parties' chief contention centers on Mr. Austin's conviction for possession of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c). As a clarification of 18 U.S.C. § 924(c), Section 403(b) of the First Step Act provides: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5221–22 (2018). The First Step Act was enacted December 21, 2018. *See id.* at 5249. At that time, however, Mr. Austin's sentence had already been imposed. His appeal of his sentence was denied and this Court's judgment was affirmed by the Fifth Circuit in 2016. Rec. Doc. 189. Therefore, the First Step Act amendments would not apply to Mr. Austin, and he would not receive a different sentence today based on the First Step Act.

The government acknowledges that there was competing non-binding authority from many courts about whether a change in the law that Congress explicitly declined to make retroactive was extraordinary and compelling circumstances for a sentence modification. Rec. Doc. 226 at 4. However, the Fifth Circuit recently clarified the issue. *See United States v. Escajeda*, 58 F.4th 184 (5th Cir. 2023). In *Escajeda*, the Fifth Circuit found that defendants can only seek relief under § 3582(c)(1) when "they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.* at 186 (citing *United States v. Chambliss*, 948 F.3d 691 (5th Cir. 2020)). To reach this conclusion, the appellate court defined the pertinent terms, particularly "'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *Id.* at 3–4 (citations omitted). "Compelling," in turn, was defined through its root "compel" as "'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" *Id.* (citations omitted).

The Fifth Circuit has granted a sentence reduction based on a change in sentencing by reaching the threshold of "extraordinary and compelling circumstances." *See United States v. Lyle*, 506 F. Supp. 3d 496 (5th Cir. 2020). However, the appellate court based the exercise of discretion on a post-amendment sentence of 493 months (roughly 41 years) instead of the original sentence of 1,141 months (95 years), a difference of about 648 months or 54 years. *Id.* at 501–02. In this case, a sentence five years (60 months) less than the original 300 months sentence does not thereby rise to the level of *United States v. Lyle's* interpretation of "extraordinary and compelling circumstances".

### C.  COVID-19

Mr. Austin also argues COVID-19 as a generalized threat to the prison population, but makes no statements about any personal threat to his individual health. Rec. Doc. 222. The Fifth Circuit has noted that a "fear of COVID doesn't automatically entitle a prisoner to release." *United*

*States v. Thompson*, 984 F.3d 341, 435 (5th Cir. 2021). Section 3582(c)(1)(A) focuses on individual circumstances, not a generalized concern.

Because Mr. Austin has not met his burden of identifying an "extraordinary and compelling" reason for his early release, this Court may deny the motions without reaching the Section 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 (5th Cir. 2022).

Accordingly, the instant motions for compassionate release and sentence reduction (Rec. Doc. 222; Rec. Doc. 230) are **DENIED.**

New Orleans, Louisiana, this 19th day of December, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE